FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AARON JOSEPH CUNNINGHAM,<br><br>　　　　　Defendant. | No. 2:22-CR-00061-MKD<br><br>ORDER DISMISSING DEFENDANT'S SECTION 2255 MOTION WITH LEAVE TO RENEW<br><br>**ECF No. 140** |

Before the Court is Defendant Aaron Joseph Cunningham's pro se Motion, stylized as "HABEAS CORPUS 28 U.S.C. § 2255." ECF No. 140. The Court has considered the Motion and the record. For the reasons explained below, the Court concludes the Motion is premature and dismisses it with leave to renew once he has completed direct appeal and his judgment of conviction becomes final.

## BACKGROUND

On May 17, 2022, Defendant was indicted on one violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (felon in possession of a firearm and ammunition). ECF No. 1. Defendant was convicted after a jury trial on October 19, 2023. ECF Nos.

ORDER - 1

106, 107.  The previously assigned judicial officer sentenced him to 41 months' incarceration and three years of supervised release.  ECF No. 131.  He appealed, raising one issue for review: the court's denial of his motion to suppress.  *See* Opening Brief at 5-7, *United States v. Cunningham*, No. 24-3021 (9th Cir. filed Oct. 3, 2024), ECF No. 7.  Defendant is represented by trial counsel for that appeal.  *See id.*  The matter was submitted on the briefs on April 24, 2025, and is still pending decision as of the date of this order.

Defendant originally filed the instant Motion in the Eastern District of California, the District where he is confined, and captioned the Motion with the name of that court and the docket number for this case.  ECF No. 140 at 1.  A magistrate judge in the Eastern District of California construed Defendant's Motion as a request to amend the 28 U.S.C. § 2241 petition he had filed there a few months earlier, because that District lacked jurisdiction to consider a Section 2255 motion and because Defendant's direct appeal was still pending.  *See* Findings and Recommendation at 2-3, *Cunningham v. Warden, FCI Mendota*, No. 25-CV-180 (E.D. Cal. Apr. 9, 2025), ECF No. 11.  The magistrate judge recommended denying the construed motion to amend.  *Id.* at 1-2. Defendant filed objections to that recommendation, arguing that "the Court took it upon itself to assume" what he meant to do.  *See* Objections at 2, *Warden*, No. 25-CV-180 (E.D. Cal. filed Apr. 16, 2025), ECF No. 2.

ORDER - 2

>The second Habeas filed was a Writ not a motion, Secondly it was a § 2255 not a § 2241, How the court would intelectually [sic] construe this as a motion to amend is beyond comprehension, for the writs are separate one being a § 2241 the other a § 2255, and neither of the respondents are one and the same for writ § 2255 is the United States of America and the Judicial System, the other is the Warden of Mendota, now how would that be construed as a motion to amend[.]

*Id.* at 2-3. He asked the court to send the Motion back to him or forward it to the Eastern District of Washington. *Id.* at 3. The Eastern District of California transferred the Motion to this District.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), a prisoner in custody serving a sentence for a federal conviction may move the sentencing court to vacate, set aside, or correct the sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such sentence; that the sentence exceeded the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. However, a district court should generally not consider a motion for collateral review while the matter is pending direct review unless "extraordinary circumstances outweigh the considerations of administrative convenience and judicial economy." *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (citations and quotation marks omitted).

ORDER - 3

**DISCUSSION**

The Court first addresses whether Defendant's Motion is seeking collateral review of his conviction and sentence in this case. Defendant's Motion is labeled as a collateral attack ("HABEAS CORPUS" and "28 U.S.C. § 2255") though that is not necessarily dispositive. *See* ECF No. 140 at 1; *Castro v. United States*, 540 U.S. 375, 381 (2003) (noting various reasons why federal courts sometimes look past "the legal label that a *pro se* litigant attaches to a motion").

Defendant's substantive arguments sound in habeas. Defendant alleges he is "being denied [his] Second Amendment right to bear arms"; his "birth right to be a[ ]part of the People, guaranteed by the Fourteenth Amendment"; and his "Fourth Article Constitutional right to be entitled to all privileges and immunities"; that it amounts to discrimination for the United States to "characteriz[e] the People as felons, to justify extinguishing their rights," akin to historical denials of constitutional rights based on race or sex; and his Second Amendment rights were "unconstitutionally extinguished . . . without having [his] Sixth Amendment right to a public trial." *See* ECF No. 140 at 14-17, 26-27.

He also appears to be raising a broader challenge to the constitutional legitimacy of the judicial process. *See* ECF No. 140 at 1 ("Aaron Joseph Cunningham, Petitioner [v.] The United States of America and *its Judicial System*, Respondent"), 18 ("I Aaron Joseph Cunningham am *forced to stand under the*

ORDER - 4

*judicial system* and agree to contract or remain a pretrial detainee"), 19 ("Do you understand, Do you stand under the Courts, but the People only consent in theory never really knowingly or willingly but through *monumental trickery – legalese* . . . Legalese is the language of Statute law, which uses *terms that mean one thing to the public and another in legalese*"), 22 ("Arbitrary Power is today's court system, what ever a Judge's Opinion or belief minus the law"), 24 ("Courts today do not seek justice, It [sic] enforces law, Arbitrarily, of opinion, its own interpretation"), 26 ("*Now the Courts want us The People to believe*, [the Founders], who committed grave crimes, felonies toward their Country, wish to deprive Felons of this right, Erroneous!"), 28 ("[illegible] the Duarte case No. 22-50048 filed July 17, 2024 no. 2:20-cr-00387-AB-1 Has been set en banc; *this is a stall tactic, the Courts are using, cause they know the injustice and Constitutional violations* to extinguish the right of the People to bear arms"), 29 ("Now the Courts want us to believe Felons are except [sic] from being apart of "the People"), 30 ("These Judges will be held accountable for their negligence, either they are mentally incapable or corrupt, *either justifies their end*, so back to subject . . . "") (emphases added).

However, Defendant's requested relief does not sound in habeas. He expressly requests "compensatory damages equaling the amount of $100,000,000 one hundred million in gold bullion, not fiat dollars" and to have "his right to bear

ORDER - 5

arms reinstated." *Id.* at 34.  These types of relief are not available through a Section 2255 motion to vacate, set aside, or correct the federal sentence in this case.[1]  *See* 28 U.S.C. § 2255(a); *see also Valdez v. Fed. Dist. Ct.*, No. 23-CV-1814, 2024 WL 942103, at *1 (D. Or. Mar. 5, 2024).  In fact, such relief would not be available to Defendant in this post-sentencing criminal matter, regardless of the type of motion he used to request it.

As previously noted, Defendant has expressed frustration about the court "t[aking] it upon itself to assume" what he intended to file, while confirming that he intended to file "a Habeas Corpus under § 2255."  Objections at 2-3, *Warden*, No. 25-CV-180 (E.D. Cal. filed Apr. 16, 2025), ECF No. 12.  Therefore, the Court proceeds to consider the Motion under the standards applicable to a Section 2255 motion.

The Motion is a collateral attack on Defendant's conviction and sentence in this matter, and the Court must decline to entertain it while his direct appeal is pending unless there are extraordinary circumstances outweigh the considerations of administrative convenience and judicial economy.  *See Taylor*, 648 F.2d at 572.

---

[1] The restriction on Defendant's ability to lawfully possess firearms was in place at the time Defendant committed the offense in this case, as the restriction was an element of the offense.

ORDER - 6

Defendant does not mention the existence of his ongoing direct appeal, let alone whether there are extraordinary circumstances that necessitate immediate review. The Court has not found any such circumstances in its review of the Motion and the record.

The Court finds the Section 2255 Motion premature and dismisses it, with leave for Defendant to renew once he has completed direct appeal and his judgment of conviction becomes final.[2]  Further, reasonable jurists would not find it debatable that this Section 2255 Motion is premature, therefore the Court denies a certificate of appealability.  *See Mitchell v. United States*, 971 F.3d 1081, 1083 (9th Cir. 2020); 28 U.S.C. § 2253(c)(2).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Aaron Joseph Cunningham's pro se Motion pursuant to 28 U.S.C. § 2255, **ECF No. 140**, is **DISMISSED, with leave to renew once he concludes direct appeal and his judgment of conviction becomes final**.

   a. A certificate of appealability is **DENIED**.

---

[2] A judgment of conviction becomes final on the date the appellant's time to seek the next level of direct review expires, or the date when the Supreme Court affirms the conviction on the merits or denies the appellant's petition for writ of certiorari. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012).

ORDER - 7

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the United States, Defendant Aaron Joseph Cunningham, and the U.S. Probation Office.

DATED May 13, 2025.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 8